IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CT-3269-FL

WILLIAM C. CARAWAN, JR.,     )
     )
     Plaintiff,     )
     )
     v.     )
     )     ORDER
GEORGE SOLOMON, BRAD PERRITT,     )
GEORGE W. BAYSDEN, JR., MARCUS     )
HOVIS, and OFFICER NORRIS,     )
     )
     Defendants.     )

This matter is before the court on the following motions filed by plaintiff: 1) to alter judgment (DE 67), 2) to compel a court's order (DE 74), and 3) for reconsideration (DE 80) of the court's May 9, 2018, order.[1] Defendants did not respond to the motions, and thus the issues raised are ripe for ruling.

The court begins with plaintiff's motions to alter judgment and to compel a court's order. On December 10, 2018, the court entered order denying plaintiff's motion to hold non-party "Ms. Strickland" in contempt because she refused to release certain funds from plaintiff's inmate trust account to pay the initial partial filing fee in this action. The instant motions to alter judgment and to compel a court's order seek reconsideration of the court's December 10, 2018, order.[2] Plaintiff's motions provide additional evidence purportedly showing Strickland failed to pay the initial filing

_____

[1] Also pending, but not ripe for ruling, is defendants' motion for summary judgment (DE 75), which the court will address by separate order.

[2] Plaintiff also has filed notice of interlocutory appeal of the court's December 10, 2018, order. The notice of appeal, however, does not divest the court of jurisdiction to resolve the pending motions. See Fobian v. Storage Tech. Corp., 164 F.3d 887, 890-91 (4th Cir. 1999) (holding district court may resolve motion for reconsideration of appealed order under "in aid of appeal" exception to rule that notice of appeal divests the district court of jurisdiction).

fee. The motions also seek an order directing prison officials to provide plaintiff access to his trust fund account documents and to remit payments from plaintiff's trust fund account to the court.

Plaintiff's motions for reconsideration of an interlocutory order are governed by Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Compared to post-judgment Rule 59(e) motions, Rule 54(b) gives district courts "broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017).

The discretion provided by Rule 54(b), however, "is not limitless." Id. The court may revise an interlocutory order only in the following circumstances: (1) a subsequent trial produces substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. Id.; see also Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003).

Plaintiff has not established the court committed a clear error of law in its December 10, 2018, order, that substantially different evidence warrants a different result, or a change in applicable law. Plaintiff's Rule 54(b) motions are therefore denied.

Additionally, to the extent the instant motions for reconsideration should be construed as motions for preliminary injunctive relief, the motions lack merit. To obtain a preliminary injunction, the motion party must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

and that an injunction is in the public interest." Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff's instant motions do not establish he is likely to succeed on the merits of his claims, or that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief.

Additionally, plaintiff admits that his requests for relief related to his inmate trust account are not relevant to his underlying claims. (Mot. Alter Jx (DE 67) at 4 (stating the motion "does not affect the outcome of this action")). "A preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir.1997). Accordingly, the court denies plaintiff's motions to alter judgment and to compel a court's order to the extent those motions seek a preliminary injunction.

Plaintiff also seeks reconsideration of the court's May 9, 2018, order denying without prejudice his motions to compel responses to certain discovery requests. As explained in that order, the court denied the motions to compel because the court extended the discovery deadline. Plaintiff and his appointed counsel therefore could obtain the necessary discovery during the extended discovery period. The instant motion for reconsideration, filed months after discovery closed, seeks an order granting the initial motions to compel that the court denied in the May 9, 2018, order. Where plaintiff did not file renewed motions to compel during the extended discovery period, and has not shown good cause for reopening discovery, the motion for reconsideration is denied. See Fed. R. Civ. P. 16(b) (providing a scheduling order "may be modified only for good cause and with the Judge's consent"); see also Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (holding party seeking leave to amend pleadings after the deadline set in the scheduling order must show good cause for amending the scheduling order).

In sum, the court DENIES plaintiff's motion to alter judgment (DE 67), to compel a court's order (DE 74), and for reconsideration (DE 80).

SO ORDERED, this the 12th day of April, 2019.


_____
LOUISE W. FLANAGAN
United States District Judge